UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MARILENIS DURAN DE RODRIGUEZ,
RAQUEL PRESTON, and ARACELIS
D'ORTIZ on behalf of themselves
and all others similarly situated,

                Plaintiffs,

-against-

FIVE STAR HOME HEALTH CARE
AGENCY, INC., IVETTE MARKOV,
JOHN AND JANE DOES 1-10, and
XYZ CORPS 1-10,

                Defendants.
---------------------------------------------------------X

Civil Action No.: 1:18-cv-2333

**FLSA COLLECTIVE ACTION and NEW YORK CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs, MARILENIS DURAN DE RODRIGUEZ, RAQUEL PRESTON and ARACELIS D'ORTIZ on behalf of themselves and all others similarly situated, by and through their attorneys, Kim & Bae, P.C., complaining of the Defendants, FIVE STAR HOME HEALTH CARE AGENCY, INC., IVETTE MARKOV, JOHN AND JANE DOES 1-10, and XYZ CORPS 1-10. (collectively referred to as "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and section 190 et seq. of the New York Labor Law ("NYLL") on behalf of the employees who worked for Defendants.

–1–

2. Defendants systematically and intentionally ignored the requirements of the FLSA and NYLL. Plaintiffs seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the health care services company operated by Defendants, which is located in the Eastern District of New York.

## PARTIES

5. The Plaintiff, MARILENIS DURAN DE RODRIGUEZ, is an individual who resides County of Queens, City and State of New York.

6. The Plaintiff, RAQUEL PRESTON, is an individual, who resides in the County of Kings, City and State of New York.

7. The Plaintiff, ARACELIS D'ORTIZ, is an individual who resides in the County of Kings, City and State of New York.

8. The Defendant, IVETTE MARKOV, is an individual who upon information and belief, resides in the County of Kings, City and State of New York and is the owner of FIVE

STAR HOME HEALTH CARE AGENCY, INC.

9. The Defendant, FIVE STAR HOME HEALTH CARE AGENCY, INC. ("FIVE STAR"), is a New York corporation, licensed to do business in the State of New York, that has as its principal place of business 1302 Kings Highway – 3rd Floor, Brooklyn, New York 11229 in the county of Kings, City and State of New York.

10. Defendants employed Plaintiffs as Health Home Aides ("HHA")'s – Plaintiffs performed a diverse range of healthcare services for Defendants' various clients at their respective homes.

11. Plaintiff MARILENIS DURAN DE RODRIGUEZ worked for Defendants from on or about 2016 until on or about 2017.

12. Plaintiff RAQUEL PRESTON worked for Defendants from on or about 2014 until on or about 2017.

13. Plaintiff ARACELIS D' ORTIZ worked for Defendants from on or about 2014 to approximately September 2017.

14. Defendant FIVE STAR has employees engaged in commerce or in the production of goods for commerce and selling and/or was otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Defendant FIVE STAR is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

16. Upon information and belief, FIVE STAR has annual gross revenue in excess of $500,000.

17. Throughout Plaintiffs' employment, Defendant IVETTE MARKOV hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at FIVE STAR and XYZ Corps. Defendant IVETTE MARKOV exercised sufficient control over FIVE STAR and XYZ Corps. to be considered Plaintiffs' employers for purposes of the FLSA and the NYLL.

18. XYZ Companies (Fictitious Names, Nos. 1-10), John Does and Jane Does (Fictitious Names, Nos. 1-10), are fictitious defendants whose identities are unknown to Plaintiffs at this time and whom, upon information and belief, are liable in damages to the Plaintiffs arising out of tort or contract.

## COLLECTIVE ACTION ALLEGATIONS

19. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons (i.e., HHA's and other "home health workers") who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FIVE STAR Employees").

20. FIVE STAR Employees consist of over 1000 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

21. FIVE STAR Employees consist of employees who, during their employment with Defendants, worked all day back-to-back shifts performing health related services and fall into the category of non-exempt, non-managerial employees.

22. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed FIVE STAR Employees by engaging in a pattern, practice, and/ or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

   a. failing to keep accurate records of hours worked by FIVE STAR Employees as required by the FLSA and the NYLL;
   b. failing to pay FIVE STAR Employees minimum wages for all hours worked;
   c. failing to pay FIVE STAR Employees overtime pay for all hours worked over forty hours per week;
   d. failing to every provide FIVE STAR Employees with pay stubs/paying employees in cash or "under the table"; and
   e. failing to pay FIVE STAR Employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours.

23. Defendants have engaged in their unlawful conduct pursuant to an admitted and openly stated policy of minimizing labor costs and denying employees their compensation, instead paying what Defendants coin a "fair wage."

24. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FIVE STAR Employees.

25. FIVE STAR Employees would benefit from the issuance of a court- supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### PLAINTIFFS' EMPLOYMENT WITH DEFENDANTS

26. From the period beginning in or about 2016 and continuing until on or about late

2017, MARILENIS DURAN DE RODRIGUEZ worked for Defendants for five days each week. She was scheduled to work five days each week. She was scheduled to work Monday through Sunday at different times and locations without a scheduled break or lunch (in most instances in excess of 10 hours per weekday). Despite a set schedule of 60 hours, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, 6 to 7 days per week.

27. From the period beginning in or about 2015 and continuing until on or about late 2017, Plaintiff, RAQUEL PRESTON, worked for Defendants for six days each week. She was scheduled to work six days each week. She was scheduled to work Monday through Sunday at different times and locations without a scheduled break or lunch (in most instances in excess of 10 hours per weekday). Despite a set schedule of 30 hours, Plaintiff routinely worked in excess of 10 hours per day, 6 to 7 days per week.

28. From the period beginning in or about 2014 and continuing until September 2017, Plaintiff, ARACELIS D'ORTIZ, worked for Defendants for six days each week. She was scheduled to work Monday through Sunday at different times and locations without a scheduled break or lunch (in most instances in excess of 10 hours per weekday). Despite a set schedule of 30 hours, for which Plaintiff never received any overtime pay, Plaintiff routinely worked in excess of 10 hours per day, 6 to 7 days per week.

**Defendants failed to pay minimum wages or overtime wages, and failed to provide paystubs or other required notices.**

29. For her duration of employment with FIVE STAR, Plaintiff, MARILENIS DURAN DE RODRIGUEZ, was paid on average $440 per week.

30. Plaintiff, RAQUEL PRESTON, was paid on average $330 per week.

31. Plaintiff, ARACELIS D'ORTIZ, was paid on average $440 per week.

32. Plaintiffs regularly worked more hours than what was stated on their paystubs and/or time sheets.

33. Plaintiffs never received any overtime compensation for the hours over 40 that they worked every week.

34. The Defendants regularly did not provide paychecks or paystubs to Plaintiffs unless requested.

35. The Defendants did not provide Plaintiffs with notices informing them of, *inter alia*, their rate of pay at the time of hiring or at any time during their employment with Defendants.

**FIRST CAUSE OF ACTION**
(Fair Labor Standards Act – Unpaid Minimum Wage)

36. Plaintiffs repeats and re-allege the foregoing allegations contained in paragraphs 1 through 38 as if fully set forth herein.

37. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq*.

38. Defendants were required to pay Plaintiffs and FIVE STAR Employees the applicable minimum wage rate for each hour that they worked.

39. Defendants failed to pay Plaintiffs and FIVE STAR Employees the minimum wages to which they were entitled under the FLSA.

40. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FIVE STAR Employees.

41. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FIVE STAR Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wage)

42. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 44 as if fully set forth herein.

43. Defendants are employers within the meaning of the NYLL §§ 190 *et seq*., 651(5), and 652, and supporting New York State Department of Labor Regulations.

44. Defendants failed to pay Plaintiffs and the FIVE STAR Employees the minimum wages to which they were entitled under the NYLL.

45. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the FIVE STAR Employees minimum hourly wages.

46. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the FIVE STAR Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

47. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 49 as if fully set forth herein.

48. Defendants were required to pay Plaintiffs and the FIVE STAR Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*.

49. Defendants failed to pay Plaintiffs and the FIVE STAR Employees the overtime wages to which they were entitled under the FLSA.

50. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FIVE STAR Employees overtime wages.

51. Due to Defendants' violations of the FLSA, Plaintiffs and the FIVE STAR Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CAUSE OF ACTION**
(New York Labor Law – Unpaid Overtime)

52. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 54 as if fully set forth herein.

53. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the FIVE STAR Employees one and one half (1.5) times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

54. Defendants failed to pay Plaintiffs and the FIVE STAR Employees the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

55. Defendants willfully violated the NYLL by knowingly and intentionally failing

to pay Plaintiffs and the FIVE STAR Employees overtime wages.

56. Due to Defendants' willful violations of the NYLL, Plaintiffs and the FIVE STAR Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CAUSE OF ACTION**
(New York Labor Law – Spread-of-Hours Pay)

57. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 59 as if fully set forth herein.

58. Defendants willfully failed to pay Plaintiffs and the FIVE STAR Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

59. By Defendants' failure to pay Plaintiffs and the FIVE STAR Employees spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

60. Due to Defendants' willful violations of the NYLL, Plaintiffs and the FIVE STAR Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**SIXTH CAUSE OF ACTION**
(New York Labor Law – Wage Theft Prevention Act)

61. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 63 as if fully set forth herein.

62. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to

provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011 through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

63. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

64. Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs and the FIVE STAR Employees without providing wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

65. Defendants never required FIVE STAR Employees to complete any tax or immigration status paperwork, including but not limited to W4 forms, at the time of hire.

66. Plaintiffs and the FIVE STAR Employees were required to come to Defendants' office to pick up an envelope of cash weekly, at which time they would sign their signatures on a piece of paper to confirm receipt of their cash stipend. No documentation or pay stubs were ever provided to Plaintiffs or the FIVE STAR Employees.

67. In violation of NYLL § 191, Defendants failed to furnish to Plaintiffs and the FIVE STAR Employees at the time of hiring, whenever there was a change to their rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

68. Defendants failed to furnish Plaintiffs and the FIVE STAR Employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

69. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and each member of the FIVE STAR Employees are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

70. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and each member of the FIVE STAR Employees are entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all FIVE STAR Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. enjoining future violations of the FLSA and NYLL by Defendants;

g. awarding Plaintiffs damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

h. awarding Plaintiffs liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

k. awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated: April 20, 2018
      Flushing, New York

                                    KIM & BAE, P.C.
                                    *Attorneys for the Plaintiff*

                                    Farzad Ramin, Esq.
                                    154-08 Northern Blvd., Suite 2G
                                    Flushing, New York 11354
                                    Tel (718) 321-0770 Fax (718) 321-0799