UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARILENIS DURAN DE RODRIGUEZ, RAQUEL PRESTON, and ARACELIS D'ORTIZ on behalf of themselves, and all other similarly situated,<br><br>                                             Plaintiffs,<br>                    -v-<br><br>FIVE STAR HOME HEALTH CARE AGENCY, INC., IVETTE MARKOV, JOHN AND JANE DOES 1-10, AND XYZ CORPS 1-10.<br><br>                                             Defendants. | Case No. 18-CV- 2333 (PK)<br><br>**FINAL ORDER<br>AND JUDGMENT** |

**ORDER GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, APPROVAL OF THE REQUESTED ATTORNEYS' FEES AND SERVICE AWARDS AND DISMISSING THIS ACTION WITH PREJUDICE**

The above-entitled matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement; Approval of Attorneys' Fees; and Approval of Service Awards ("Final Approval Motion"). Defendants join in the motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement, but take no position on Approval of Attorneys' Fees or the Approval of Service Awards. After reviewing the underlying motion, the supporting Memorandum of Law in Support (the "Memorandum"), the Declaration of Farzad Ramin ("Ramin Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motion, the Court hereby finds as follows:

1

1. The Court grants final approval of the settlement memorialized in the Final Settlement Agreement and Release, as amended September 25, 2020 ("Settlement Agreement") [Docket No. 70], and "So Orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class certification for purposes of effectuating settlement.

3. The Court hereby certifies the following class for settlement purposes pursuant to Fed. R. Civ. P. 23(e):

> All individuals who were employed as Home Health Care Attendants – which includes hourly Home Health Attendants, Personal Care Assistants, Personal Care Assistants Unskilled, Consumer Directed Personal Assistance Program (CDPAP) workers, Live-in Personal Care Attendants, and Salaried Employees – at any time from September 1, 2012 through June 1, 2019. ("Rule 23 Class")

4. Each Rule 23 Class Member who did not timely opt out of the Class will fully release and discharge Defendants from all New York state law claims asserted in the action. This release includes claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs pursuant to § 3.9 of the Settlement Agreement.

5. The Court hereby certifies the following "FLSA Collective" under Section 216(b) of the Fair Labor Standards Act ("FLSA") for settlement purposes:

> All individuals who were employed as Home Health Care Attendants – which includes hourly Home Health Attendants, Personal Care Assistants, Personal Care Assistants Unskilled, Consumer Directed Personal Assistance Program (CDPAP) workers, Live-in Personal Care Attendants, and Salaried Employees – at any time from September 1, 2012 through June 1, 2019 ("FLSA Collective")

6. Each FLSA Collective Member who timely filed a Valid Claim Form and thereby affirmatively opted-in to the settlement will specifically and affirmatively release Defendants from any FLSA claims asserted in the action pursuant to § 3.9 of the Settlement Agreement.

7. The Court approves the Fair Labor Standards Act settlement pursuant to *Cheeks v Freeport Pancake House, Inc.,* 796 F3d 199 (2d Cir 2015). After consideration of the information provided, including that the agreement is the product of contested litigation with the assistance of experienced counsel, the Court finds the FLSA settlement is fair and reasonable. *Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

8. The Court finds that sufficient notice of the proposed Class Action Settlement was given to bind all Class Members, and that the settlement is, in all respects, fair, adequate and reasonable. The Court finds and concludes that the Class Notice and Claim Form were the best notice practicable to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response. The Court finds and concludes that the distribution of the notice and Claim Form were the best reasonable method to reach all members of the Class who would be bound by the Settlement. The Court finds the Class Notice and Claim Form and distribution of same satisfies the notice requirements of Federal Rule of Civil Procedure 23(e), satisfies the notice requirement of FLSA section 216(b), and satisfies all other legal and due process requirements.

9. The Court approves the proposed Class Action settlement and all terms set forth in the Settlement Agreement. All Class Members and all Authorized Claimants will be bound by the terms set forth in ¶ 2.8 of the Settlement Agreement.

10. Kim & Bae, P.C., whom the Court previously appointed as Class Counsel, satisfies the adequacy requirements of Rule 23(a)(4) and is therefore finally approved as Class Counsel for settlement purposes in this action.

11. The attorneys at Kim & Bae, P.C. who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law and federal bars. The Court grants Plaintiffs' request for attorneys' fees inclusive of costs, and awards Class Counsel $190,000.00 in attorneys' fees, which is approximately Thirty Percent of the gross Increased Settlement Fund. The fee award is justified by the work that Class Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims. This amount shall be paid from the gross Increased Settlement Fund on the dates specified in ¶ 3.3 of the Settlement Agreement.

12. The Court finds the service awards of $10,000.00 each to Plaintiffs Marilenis Duran De Rodriguez, Raquel Prestol and Aracelis D'Ortiz to be reasonable. These amounts shall be paid from the gross Increased Settlement Fund pursuant to ¶ 3.1(B)(i) of the Settlement Agreement.

13. If no appeal is taken from this Order, the Final Effective Date of the settlement will be thirty (30) days following the Court's Order Granting Final Approval of the settlement, and if an appeal is taken from the Court's Order Granting Final Approval of the settlement, then the date the Court enters a Final Order and Judgment after resolving any appeals will be the effective date pursuant to ¶ 1.14 of the Settlement Agreement.

14. Each member of the "New York Labor Law Subclass" will be paid a *pro rata* share of $275,000.00. The multiplier for the "New York Labor Law Subclass" is the individual damages for each New York Labor Law Subclass Member during the relevant period, divided by the total amount of damages for all New York Labor Law Subclass Members during the Covered Period, pursuant to the terms of the Settlement Agreement.

15. The Claims Administrator shall disburse a first round of settlement checks within sixty (60) calendar days after the Final Bar Date has passed for each and every Class Member.

4

Class Members who do not affirmatively submit an Opt-Out Statement shall be deemed to have accepted the settlement and the terms of this Agreement. Such individuals will still be bound by all of the terms of the settlement, including the release of any applicable state law claims stemming from or related to the Litigation. The proceeds from any check that is not cashed within sixty (60) days pursuant to this paragraph by any Class Member shall be allocated to a second round of disbursements, made only to those Class Members who cashed their checks in the first round of disbursements. Any proceeds from any check that is not cashed in the second round of disbursements will be allocated to a third round of disbursements, made only to those Class Members who cashed their checks in the second round of disbursements. Disbursements will continue based on this model every sixty (60) days until a maximum of four (4) rounds of disbursements have been made. Any proceeds from settlement checks from the New York Labor Law Subclass that are not allocated to Class Members within the four (4) rounds of disbursements will be allocated to The National Employment Council pursuant to § 3.6 of the Settlement Agreement.

16. Each member of the "FLSA Late Payment Subclass" will be paid a *pro rata* share of $135,000.00. The Multiplier will be the number of overtime hours each "FLSA Late Payment Subclass" Member worked during the Covered Period, divided by the number of overtime hours all "FLSA Late Payment Subclass" Members worked during the Covered Period, pursuant to the terms of the Settlement Agreement.

17. Within sixty (60) days of the Final Bar Date, after all of the Claims Forms that were filed are received by the Claims Administrator, the Claims Administrator shall mail a check to each FLSA Late Payment Subclass member who opted in to the settlement in an amount to be calculated by the Claims Auditor as per the following Multiplier: the number of overtime hours

5

each FLSA Late Payment Subclass Member worked during the relevant period, divided by the number of overtime hours all FLSA Late Payment Subclass Members worked during the relevant period. The proceeds from any check that is not cashed pursuant to this paragraph by any Class Member who timely submitted a valid Claim Form within sixty (60) calendar days after the date on which the Claims Administrator mails said check shall be allocated to a second round of check disbursements, made only to those Class Members who cashed their checks in the first round of such disbursements described in this Section. Disbursements will continue based on this model every sixty (60) days until a maximum of four (4) rounds of disbursements have been made. Any proceeds from settlement checks from the FLSA Late Payment Subclass that are not allocated to Class Members within the four (4) rounds of disbursements will be allocated to The National Employment Council pursuant to § 3.6 of the Settlement Agreement.

18. The New York Labor Law Subclass Members shall not be required to submit a claim form in order to receive payment. Fifty percent of this payment shall be allocated to Liquidated Damages. The employer's share of payroll taxes shall be paid outside of the Settlement Fund by the Defendants.

19. This action is hereby dismissed with prejudice.

20. The Court shall retain jurisdiction over the interpretation and implementation of the terms of the Settlement Agreement.

21. The Parties shall abide by all terms of the Settlement Agreement.

It is SO ORDERED this
9th day of October, 2020

*Peggy Kuo*
Peggy Kuo
United States Magistrate Judge